Per Curiam.

It has been decided, that under a reasonable construction of St. 1793, c. 75, which allows a set-off of *68 moneys paid, the defendant may file an account for money had and received. Perhaps, by a fiction of law, money received to his use may be considered as money which he has paid. We see no valid objection to the filing of the account in the present case.[1]
In regard to entering up judgment for the defendant, for a balance found in his favor, it is true that this is allowed, in express terms, only by the statute of 1784; but the statute-of 1793 is manifestly a part of the same system. The first statute having provided for a set-off, and determined what should be the effects of it, and the last having merely extended it to different subjects, the consequences of a set-off must be understood to apply to an account filed in pursuance of this last statute.[1]
But a new trial must be granted, because it does not appear that the jury passed upon the principal fact on which the defendant’s right to a balance is sustained. As it appears that the proceeds of the land sold by the plaintiff were allowed to the defendant, in the adjustment by the jury, and as that land had become, by the contract, the indefeasible property of the plaintiff, this allowance was wrong, unless the plaintiff had waived or relinquished his right; and although the judge reports that there was evidence tending to prove that fact, it does not appear that the jury were required to consider it, or that they did pass upon that evidence
JVeto trial granted.

 See Revised Stat. c. 96, § 3.

 See Revised Stat. e. 96, § 22.